1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DION ANDERSON,

11              Petitioner,              No. CIV S-06-0429 LKK DAD P

12        vs.

13   MIKE EVANS, Warden, et al.,

14              Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's motion to dismiss on the

18   ground that the petition is time-barred as having been filed beyond the one-year statute of

19   limitations.  Petitioner opposes the motion.

20                            PROCEDURAL HISTORY

21              The chronology of relevant proceedings as reflected by the record before this court

22   will be set forth below.

23              On February 25, 2000, after a six-day court trial, petitioner was convicted of the

24   following crimes :

25              attempted first degree residential robbery (Pen. Code, §§ 211,
              212.5, subd. (a), 664, court one), attempted carjacking (§§ 215,
26              subd. (a), 664, count two), assault with a firearm (§ 245, subd.

1

(a)(2), court three), burglary (§ 459, count four), first degree
robbery (§ 211, count five), unlawful driving or taking of a vehicle
(Veh. Code, § 10851, subd. (a), count seven), assault with a
semiautomatic firearm (§ 245, subd. (b), counts eight, ten, twelve,
fourteen), second degree roberry (§ 211, counts nine, sixteen,
seventeen), attempted second degree robbery (§§ 211, 664, count
thirteen), and carjacking (§ 215, subd. (a), count fifteen).

The trial court also found true numerous firearm-related
sentence enhancements related to various counts.  (§§ 12022.5,
subd. (a), 12022.53, subd. (b).)  The court stayed punishment as to
several counts and enhancements pursuant to section 654 and
imposed an aggregate term of 49 years and two months in state
prison.

(Resp's. Lodged Doc. #2, (Calif. Court of Appeal Opinion), at 1-2.)[1]

On May 8, 2001, the California Court of Appeal for the Third Appellate District
affirmed the judgment of conviction.  (Lodged Doc. #2.)  On or about June 18, 2001, petitioner
filed a petition for review with the California Supreme Court.  (Lodged Doc. #3.)  The petition
was denied on July 18, 2001.  (Lodged Doc. #4.)

On October 2, 2001, petitioner filed his first petition for a writ of habeas corpus
with the Sacramento County Superior Court.  (Lodged Doc. #5.)  The petition was denied on
November 29, 2001.  (Lodged Doc. #6.)  The superior court found that petitioner's first claim
concerning the disposal of fingerprint impression evidence by law enforcement was procedurally
barred because petitioner should have raised the issue in a trial motion and then on appeal.  (Id. at
1.)  Petitioner's second claim challenging the sufficiency of the evidence at trial with respect to
several counts of conviction was also found to be procedurally barred, having been raised and
rejected on appeal.  (Id. at 2.)  Petitioner's third claim alleging violation of his Miranda rights
was also found to be procedurally barred for the same reason.  (Id.)

Over three years later, on December 7, 2004, petitioner filed a second petition for
a writ of habeas corpus with the Sacramento County Superior Court.  (Lodged Doc. #7.)  On

[1]  On December 8, 2006, respondent filed a notice of lodging document in paper with this
court and at the same time lodged seventeen documents identified by number with the court.

2

1   January 25, 2005, that petition was denied. (Lodged Doc. #8.) The superior court found that the

2   petition was successive and untimely. (Id. at 1.) The court noted that to the extent that

3   petitioner's first claim concerned the sufficiency of the fingerprint evidence and ineffective

4   assistance of counsel, the claim was not properly raised on appeal and was therefore procedurally

5   barred. (Id. at 2.) With respect to petitioner's second claim concerning the discarding of the

6   fingerprint impression evidence, the court noted that this claim was presented in the first habeas

7   petition filed with that court and found to be procedurally barred. (Id.) The superior court also

8   concluded that petitioner's claim that his counsel was ineffective for failing to raise the

9   fingerprint evidence claim on appeal, was also procedurally barred and that petitioner had not

10  provided any reason for the court to alter its earlier finding. (Id.) On February 10, 2005,

11  petitioner filed an application for reconsideration with the Sacramento County Superior Court.

12  (Lodged Doc. #9.) On February 23, 2005, the application was denied. (Lodged Doc. #10.)

13          On March 11, 2005, petitioner filed a petition for a writ of habeas corpus with the

14  California Supreme Court. (Lodged Doc. #11.) Therein, petitioner presented claims of

15  ineffective assistance of appellate counsel, violation of Miranda, and insufficient evidence to

16  support his conviction. (Id. at 3-4.) On August 19, 2005, petitioner filed a supplemental petition

17  setting out a fourth claim that the state court erred in applying In re Robbins and In re Clark to

18  find his petitions procedurally barred. (Lodged Doc. #12.) On February 22, 2006, that petition

19  was denied by the California Supreme Court with citations to In re Robbins, 18 Cal. 4th 770, 780

20  (1998), In re Waltreus, 62 Cal. 2d 218 (1965), In re Lindley, 29 Cal. 2d 709 (1947), and In re

21  Seaton, 34 Cal. 4th 193 (2004).

22          On August 12, 2002, petitioner filed a civil rights action pursuant to 42 U.S.C. §

23  1983, claiming that his criminal appellate counsel committed malpractice and was negligent in

24  his representation. See Anderson v. Platt, CIV S-02-1698 WBS DAD P. On September 17,

25  2002, this court filed findings and recommendations recommending that the civil rights action be

26  dismissed for failure to state a claim. The court also recommended that "[t]o the extent that

3

1  plaintiff seeks to have his conviction vacated, his complaint is a petition for a writ of habeas

2  corpus that must be dismissed for failure to exhaust state court remedies." Id. at 3.  The findings

3  and recommendations were adopted by the assigned District Judge and judgment was entered on

4  October 23, 2002.

5      On March 1, 2006, petitioner filed this federal habeas action which was

6  purportedly signed by petitioner on February 26, 2006.

7                        THE PARTIES' ARGUMENTS

8  I. Respondent's Arguments

9      Respondent assert that petitioner's judgment of conviction became final on

10  October 16, 2001, after the California Supreme Court denied petitioner's petition for review and

11  the expiration of ninety days for filing a petition for writ of certiorari with the United States

12  Supreme Court.  (MTD at 3.)  Respondent contend that the statute of limitations thus began to

13  run on October 17, 2001, and the last day for petitioner to file a timely federal habeas petition

14  was on October 16, 2002, plus any time for tolling.  (Id. at 4.)

15      Respondent argues that while petitioner is entitled to tolling during the pendency

16  of his first habeas petition filed with the Sacramento County Superior Court, he is not entitled to

17  tolling for the period between the denial of that petition and the filing of his second petition with

18  that court.  (Id. at 4.)  Respondent offers two rationales in support of this argument.  First,

19  respondent argues that petitioner did not ascend up the state court hierarchy as required when he

20  filed his second petition in the superior court and thus is not entitled to tolling during the time

21  that petition was pending.  (Id. at 5.)  Second, respondent contends that a state application for

22  habeas relief is pending between a lower court's denial and the filing of a petition in a higher

23  court only if the filing in the higher court is timely under state law.  (Id.)  Respondent points out

24  that the second petition filed in the superior court and his third petition filed with the California

25  Supreme Court were denied as untimely with citation to In re Robbins, 18 Cal. 4th 770 (1998).

26  (Id.)  Moreover, petitioner waited three years after the denial of his first petition by the superior

1   court before filing his second state habeas petition before that same court.  (Id.)  Respondent

2   contends that petitioner is not entitled to interval tolling in light of this unreasonable delay.  (Id.

3   at 6.)  With only forty-four days of tolling during the time his first petition was pending before

4   the superior court, the statute of limitations expired on November 29, 2002 and this federal

5   habeas petition is time-barred.  (Id.)[2]

6   II.  Petitioner's Opposition

7              Petitioner opposes the motion to dismiss.  He argues that under California's

8   judicial system, the right to file a state habeas petition cannot be suspended.  (Opp'n at 1.)

9   Petitioner agrees that his second petition raised an ineffective assistance of counsel claim which

10  had not been raised in the first petition.  However, he contends that even though California law

11  reflects an equitable relief provision permitting the courts not to foreclose habeas review of such

12  claims, in his case the California courts decided that foreclosure was mandated and denied his

13  subsequent petitions on timeliness grounds.  (Id. at 3.)  Petitioner argues that the state court

14  refused to conduct a Strickland evaluation, to hold a hearing to determine whether petitioner's

15  confession was voluntary, or to examine the record to determine if there was sufficient evidence

16  to support a guilty verdict.  (Id.)  Petitioner asserts that such an inquiry would have determined if

17  equitable relief was warranted under In re Robbins so that his petition could have been decided

18  on the merits.  (Id. at 3-4.)

19             Next, petitioner challenges respondent's reliance on the decision in Duncan v.

20  Walker.  (Id. at 4.)  Petitioner acknowledges that pursuant to the holding in Duncan a federal

21  habeas petition does not toll the statute of limitations, he argues that the Supreme Court did not

22  hold that all "delayed petitions were to be denied pursuant to § 2244(d)(2)."  (Id. at 4-5.)

23  Petitioner cites Lonchar v. Thomas, 517 U.S. 317, 322 (1996), and argues that in that case the

24

_____

25         [2]  Respondent also argues that petitioner's civil rights action, filed before this court in
    2002, does not extend the statute of limitations pursuant to the holding in Duncan v. Walker, 533
26  U.S. 167, 181-82 (2001).

1   Supreme Court held that district courts should not dismiss a petitioner's first federal habeas

2   petition on untimeliness grounds when there will be an "'injury to an important interest in human

3   liberty.'"  (Opp'n at 6) (quoting Lonchar, 517 U.S. at 324).  Petitioner contends that "the issue

4   presented are all substantial claims to warrant equitable relief under § 2244(d)(2) AEDPA."

5   (Opp'n at 6.)

6   III.  Respondent's Reply

7           Respondent challenges petitioner's argument that the Sacramento County

8   Superior Court erred in denying his second petition filed before that court as untimely.  (Reply at

9   2.)  Respondent argues that the purpose of a federal habeas petition is to challenge the underlying

10  state court conviction, not the infirmities of state habeas corpus proceedings.  (Id. at 3.)

11  Respondent also points out that in finding the second petition procedurally barred, the superior

12  court did consider the exceptions to Robbins but concluded that petitioner had not made a

13  sufficient showing of an error of "constitutional magnitude" or of actual innocence.  (Id. at 4.)

14  Finally, respondent argues that the claims presented in petitioner's second state habeas petition

15  were all known to him at the time of his conviction and that he has not shown any cause for the

16  delay in presenting those claims.  (Id. at 4-5.)

17          As for petitioner's reliance on Lonchar v. Thomas, respondent argues that

18  Lonchar was decided before the AEDPA was enacted and does not apply here because it

19  involved a capital case with an "eleventh hour" petition for a writ of habeas corpus.  (Id. at 5.)

20  According to respondent, the Supreme Court held that if the district court could not dismiss the

21  petition on the merits prior to the execution of the petitioner, it was required to stay the execution

22  in order to address the merits prior to the scheduled execution.  (Id.)  Respondent contends that

23  the holding in Lonchar does not support petitioner's argument in opposition to the pending

24  motion to dismiss.  Respondent concludes that the petitioner cannot escape the fact that his

25  federal application for a writ of habeas corpus was filed long after the expiration of the one-year

26  statute of limitations.  (Id.)

1                                          ANALYSIS

2            Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

3    one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court

4    by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The

5    period of limitation applies to all federal habeas petitions filed after the statute was enacted.

6    Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  Because this action was commenced in 2006,

7    the AEDPA period of limitation is applicable to the petition.

8            The statute of limitations begins to run when the petitioner's criminal judgment

9    becomes final.  However, under 28 U.S.C. § 2244(d)(2), the time during which a properly filed

10   habeas petition is pending before a state court, is not counted towards the one-year limitation

11   period.  The period between the denial of a state petition and the timely filing of a subsequent

12   petition in a higher court is also tolled.  See Evans v. Chavis, 546 U.S. 189, ___, 126 S. Ct. 846,

13   849 (2006);  Carey v. Saffold, 536 U.S. 214, 223 (2002).

14           Relying upon Rule 13 of the Rules of the Supreme Court of the United States and

15   the holding in Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999), respondent has determined

16   that petitioner's judgment of conviction became final on October 16, 2001, ninety days after the

17   expiration of the time to file a petition for writ of certiorari with the United States Supreme

18   Court.  However, since the respondent filed his motion the Supreme Court has held that:

19               [An] application for state postconviction review is [ ] not
                 "pending" after the state court's postconviction review is complete,
20               and § 2244(d)(2) does not toll the 1-year limitations period during
                 the pendency of a petition for certiorari.
21

22   Lawrence v. Florida, ___U.S.___, ___, 127 S. Ct. 1079, 1083 (2007).   Under the holding in

23   Lawrence, the one-year statute of limitations in petitioner's case began to run on July 18, 2001

24   when his petition for review was denied by the California Supreme Court.  Because his federal

25   /////

26   /////

1  habeas petition was not signed until February 26, 2006, the petition is clearly untimely unless he

2  is entitled to tolling.[3]

3          It is undisputed by the parties, and the court agrees, that petitioner's filing of his

4  first state habeas petition tolled the statute of limitations during its pendency.  That petition was

5  filed on October 2, 2001 and was denied by the Sacramento County Superior Court on November

6  29, 2001.  Thus, there were 58 days of statutory tolling.

7          Next, the court considers whether petitioner is entitled to statutory tolling during

8  the three-year interval between the denial of the first state habeas petition and the filing of the

9  second state habeas petition.  Both petitions were filed with the Sacramento County Superior

10  Court.   The court finds respondent's analysis persuasive.  Statutory tolling  is not appropriate

11  where petitioner did not proceed from a lower court to a higher court with his state habeas

12  petition.  See Carey v. Saffold, 536 U.S. at 223 ("We find that California's system functions in

13  ways sufficiently like other state systems of collateral review to bring intervals between a lower

14  court decision and a filing of a new petition in a higher court within the scope of the statutory

15  word "pending."); see also Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (petitioner

16  filing a second habeas petition in superior court, kicked off a new round of collateral review and

17  "was no longer pursuing his application for habeas relief up the ladder of the state court system").

18          In addition, petitioner has offered no explanation for his three-year delay in filing

19  his second petition after his first petition was denied.  The court finds that lengthy, unexplained

20  delay to be unreasonable.  See Evans, 126 S. Ct. at 853-83 (concluding that an unexplained and

21  unjustified filing delay of six-months is unreasonable); Gaston v. Palmer, 447 F.3d 1165, 1167

22  (9th Cir. 2006) (concluding that unexplained delays of 18, 15, and 10 months between habeas

23  filings are unreasonable and could not be subject to interval tolling).  Under these circumstances,

24  /////

25

26          [3]  This is the earliest possible filing date for the federal petition under the mailbox rule
announced in Houston v. Lack, 487 U.S. 266, 276 (1988).

1  petitioner's second habeas petition filed in the superior court cannot serve as the basis for

2  statutory tolling under § 2244(d)(2).

3     Petitioner is entitled to only 58 days of statutory tolling while his first habeas

4  petition was pending before the Sacramento County Superior Court.  Petitioner has made no

5  attempt to demonstrate circumstances that would entitle him to equitable tolling of the statute of

6  limitations. When the one-year statute of limitation is extended by 58 days, petitioner had until

7  December 13, 2002 to file his federal habeas petition.  Petitioner's pending petition was not filed

8  until 2006 and is therefore time-barred.

9                 CONCLUSION

10    Accordingly, IT IS HEREBY RECOMMENDED that:

11    1.   Respondent's December 8, 2006 motion to dismiss the petition as barred by

12 the statute of limitations be granted; and

13    2.  This action be dismissed.

14    These findings and recommendations are submitted to the United States District

15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16 days after being served with these findings and recommendations, any party may file written

17 objections with the court and serve a copy on all parties.  Such a document should be captioned

18 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19 shall be served and filed within ten days after service of the objections.  The parties are advised

20 that failure to file objections within the specified time may waive the right to appeal the District

21 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22 DATED: June 6, 2007.

23

24                        _____

25                   DALE A. DROZD

26                   UNITED STATES MAGISTRATE JUDGE

DAD:4
ande0429.mtd