IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DION ANDERSON,

        Petitioner,               No. CIV S-06-0429 LKK DAD P

   vs.

MIKE EVANS, Warden, et al.,        <u>ORDER AND</u>

        Respondents.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 7, 2007, the undersigned filed findings and recommendations recommending that respondents' December 8, 2006 motion to dismiss the petition as barred by the statute of limitations be granted. On June 26, 2007, petitioner filed objections to those findings and recommendations, focusing on petitioner's arguments in support of statutory or equitable tolling of the statute of limitations. The undersigned does not find petitioner's objections to be persuasive. However, upon reflection, the undersigned finds that the findings and recommendations filed on June 7, 2007, reflect a misapplication of the U.S. Supreme Court's recent decision in <u>Lawrence v. Florida</u>, ___ U.S. ___, 127 S. Ct. 1079 (2007), with respect to the determination of when the statute of limitations for the filing of a federal

/////

habeas corpus petition began to run in this case. While that misapplication does not change the result in this particular case, it was nonetheless erroneous.

Accordingly, by this order, the June 7, 2007 findings and recommendations are withdrawn. The court now issues these new findings and recommendations recommending that respondents' December 8, 2006 motion to dismiss the petition as barred by the statute of limitations be granted. The recommendation of this court remains unchanged and only the court's interpretation of the recent Supreme Court case, Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007), has been modified.

PROCEDURAL HISTORY

The chronology of relevant proceedings as reflected by the record before this court will be set forth below.

On February 25, 2000, after a six-day court trial, petitioner was convicted of the following crimes :

> attempted first degree residential robbery (Pen. Code, §§ 211, 212.5, subd. (a), 664, court one), attempted carjacking (§§ 215, subd. (a), 664, count two), assault with a firearm (§ 245, subd. (a)(2), court three), burglary (§ 459, count four), first degree robbery (§ 211, count five), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count seven), assault with a semiautomatic firearm (§ 245, subd. (b), counts eight, ten, twelve, fourteen), second degree roberry (§ 211, counts nine, sixteen, seventeen), attempted second degree robbery (§§ 211, 664, count thirteen), and carjacking (§ 215, subd. (a), count fifteen).
>
> The trial court also found true numerous firearm-related sentence enhancements related to various counts. (§§ 12022.5, subd. (a), 12022.53, subd. (b).) The court stayed punishment as to several counts and enhancements pursuant to section 654 and imposed an aggregate term of 49 years and two months in state prison.

(Resp's. Lodged Doc. #2, (Calif. Court of Appeal Opinion), at 1-2.)[1]

/////

---

[1] On December 8, 2006, respondent filed a notice of lodging document in paper with this court and at the same time lodged seventeen documents identified by number with the court.

On May 8, 2001, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. (Lodged Doc. #2.) On or about June 18, 2001, petitioner filed a petition for review with the California Supreme Court. (Lodged Doc. #3.) The petition was denied on July 18, 2001. (Lodged Doc. #4.)

On October 2, 2001, petitioner filed his first petition for a writ of habeas corpus with the Sacramento County Superior Court. (Lodged Doc. #5.) The petition was denied on November 29, 2001. (Lodged Doc. #6.) The superior court found that petitioner's first claim concerning the disposal of fingerprint impression evidence by law enforcement was procedurally barred because petitioner should have raised the issue in a trial motion and then on appeal. (Id. at 1.) Petitioner's second claim challenging the sufficiency of the evidence at trial with respect to several counts of conviction was also found to be procedurally barred, having been raised and rejected on appeal. (Id. at 2.) Petitioner's third claim alleging violation of his Miranda rights was also found to be procedurally barred for the same reason. (Id.)

Over three years later, on December 7, 2004, petitioner filed a second petition for a writ of habeas corpus with the Sacramento County Superior Court. (Lodged Doc. #7.) On January 25, 2005, that petition was denied. (Lodged Doc. #8.) The superior court found that the petition was successive and untimely. (Id. at 1.) The court noted that to the extent that petitioner's first claim concerned the sufficiency of the fingerprint evidence and ineffective assistance of counsel, the claim was not properly raised on appeal and was therefore procedurally barred. (Id. at 2.) With respect to petitioner's second claim concerning the discarding of the fingerprint impression evidence, the court noted that this claim was presented in the first habeas petition filed with that court and found to be procedurally barred. (Id.) The superior court also concluded that petitioner's claim that his counsel was ineffective for failing to raise the fingerprint evidence claim on appeal, was also procedurally barred and that petitioner had not provided any reason for the court to alter its earlier finding. (Id.) On February 10, 2005,

/////

petitioner filed an application for reconsideration with the Sacramento County Superior Court. (Lodged Doc. #9.) On February 23, 2005, the application was denied. (Lodged Doc. #10.)

On March 11, 2005, petitioner filed a petition for a writ of habeas corpus with the California Supreme Court. (Lodged Doc. #11.) Therein, petitioner presented claims of ineffective assistance of appellate counsel, violation of Miranda, and insufficient evidence to support his conviction. (Id. at 3-4.) On August 19, 2005, petitioner filed a supplemental petition setting out a fourth claim that the state court erred in applying In re Robbins and In re Clark to find his petitions procedurally barred. (Lodged Doc. #12.) On February 22, 2006, that petition was denied by the California Supreme Court with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998), In re Waltreus, 62 Cal. 2d 218 (1965), In re Lindley, 29 Cal. 2d 709 (1947), and In re Seaton, 34 Cal. 4th 193 (2004).

On August 12, 2002, petitioner filed a civil rights action pursuant to 42 U.S.C. § 1983, claiming that his criminal appellate counsel committed malpractice and was negligent in his representation. See Anderson v. Platt, CIV S-02-1698 WBS DAD P. On September 17, 2002, this court filed findings and recommendations recommending that the civil rights action be dismissed for failure to state a claim. The court also recommended that "[t]o the extent that plaintiff seeks to have his conviction vacated, his complaint is a petition for a writ of habeas corpus that must be dismissed for failure to exhaust state court remedies." Id. at 3. The findings and recommendations were adopted by the assigned District Judge and judgment was entered on October 23, 2002.

On March 1, 2006, petitioner filed this federal habeas action which was purportedly signed by petitioner on February 26, 2006.

THE PARTIES' ARGUMENTS

I. Respondents' Arguments

Respondents assert that petitioner's judgment of conviction became final on October 16, 2001, after the California Supreme Court denied petitioner's petition for review and

4

the expiration of ninety days for filing a petition for writ of certiorari with the United States Supreme Court. (MTD at 3.) Respondents contend that the statute of limitations thus began to run on October 17, 2001, and the last day for petitioner to file a timely federal habeas petition was on October 16, 2002, plus any time for tolling. (Id. at 4.)

Respondents argue that while petitioner is entitled to tolling during the pendency of his first habeas petition filed with the Sacramento County Superior Court, he is not entitled to tolling for the period between the denial of that petition and the filing of his second petition with that court. (Id. at 4.) Respondents offer two rationales in support of this argument. First, respondents argue that petitioner did not ascend up the state court hierarchy as required when he filed his second petition in the superior court and thus is not entitled to tolling during the time that petition was pending. (Id. at 5.) Second, respondents contend that a state application for habeas relief is pending between a lower court's denial and the filing of a petition in a higher court only if the filing in the higher court is timely under state law. (Id.) Respondents point out that the second petition filed in the superior court and his third petition filed with the California Supreme Court were denied as untimely with citation to In re Robbins, 18 Cal. 4th 770 (1998). (Id.) Moreover, petitioner waited three years after the denial of his first petition by the superior court before filing his second state habeas petition before that same court. (Id.) Respondents contend that petitioner is not entitled to interval tolling in light of this unreasonable delay. (Id. at 6.) With only forty-four days of tolling during the time his first petition was pending before the superior court, the statute of limitations expired on November 29, 2002 and this federal habeas petition is time-barred. (Id.)[2]

/////

/////

---

[2] Respondents also argue that petitioner's civil rights action, filed before this court in 2002, does not extend the statute of limitations pursuant to the holding in Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

5

II. Petitioner's Opposition

Petitioner opposes the motion to dismiss. He argues that under California's judicial system, the right to file a state habeas petition cannot be suspended. (Opp'n at 1.) Petitioner agrees that his second petition raised an ineffective assistance of counsel claim which had not been raised in the first petition. However, he contends that even though California law reflects an equitable relief provision permitting the courts not to foreclose habeas review of such claims, in his case the California courts decided that foreclosure was mandated and denied his subsequent petitions on timeliness grounds. (Id. at 3.) Petitioner argues that the state court refused to conduct a Strickland evaluation, to hold a hearing to determine whether petitioner's confession was voluntary, or to examine the record to determine if there was sufficient evidence to support a guilty verdict. (Id.) Petitioner asserts that such an inquiry would have determined if equitable relief was warranted under In re Robbins so that his petition could have been decided on the merits. (Id. at 3-4.)

Next, petitioner challenges respondents' reliance on the decision in Duncan v. Walker. (Id. at 4.) Petitioner acknowledges that pursuant to the holding in Duncan a federal habeas petition does not toll the statute of limitations; however, he argues that the Supreme Court did not hold that all "delayed petitions were to be denied pursuant to § 2244(d)(2)." (Id. at 4-5.) Petitioner cites Lonchar v. Thomas, 517 U.S. 317, 322 (1996), and argues that in that case the Supreme Court held that district courts should not dismiss a petitioner's first federal habeas petition on untimeliness grounds when there will be an "'injury to an important interest in human liberty.'" (Opp'n at 6) (quoting Lonchar, 517 U.S. at 324). Petitioner contends that "the issue presented are all substantial claims to warrant equitable relief under § 2244(d)(2) AEDPA." (Opp'n at 6.)

III. Respondents' Reply

Respondents challenge petitioner's argument that the Sacramento County Superior Court erred in denying his second petition filed before that court as untimely. (Reply at

2.) Respondents argue that the purpose of a federal habeas petition is to challenge the underlying state court conviction, not the infirmities of state habeas corpus proceedings. (Id. at 3.) Respondents also point out that in finding the second petition procedurally barred, the superior court did consider the exceptions to Robbins but concluded that petitioner had not made a sufficient showing of an error of "constitutional magnitude" or of actual innocence. (Id. at 4.) Finally, respondents argue that the claims presented in petitioner's second state habeas petition were all known to him at the time of his conviction and that he has not shown any cause for the delay in presenting those claims. (Id. at 4-5.)

As for petitioner's reliance on Lonchar v. Thomas, respondents argue that Lonchar was decided before the AEDPA was enacted and does not apply here because it involved a capital case with an "eleventh hour" petition for a writ of habeas corpus. (Id. at 5.) According to respondents, the Supreme Court held that if the district court could not dismiss the petition on the merits prior to the execution of the petitioner, it was required to stay the execution in order to address the merits prior to the scheduled execution. (Id.) Respondents contend that the holding in Lonchar does not support petitioner's argument in opposition to the pending motion to dismiss. Respondents conclude that the petitioner cannot escape the fact that his federal application for a writ of habeas corpus was filed long after the expiration of the one-year statute of limitations. (Id.)

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was commenced in 2006, the AEDPA period of limitation is applicable to the petition.

/////

1   The statute of limitations begins to run when the petitioner's criminal judgment
2   becomes final. However, under 28 U.S.C. § 2244(d)(2), the time during which a properly filed
3   habeas petition is pending before a state court, is not counted towards the one-year limitation
4   period. The period between the denial of a state petition and the timely filing of a subsequent
5   petition in a higher court is also tolled. See Evans v. Chavis, 546 U.S. 189, ___, 126 S. Ct. 846,
6   849 (2006); Carey v. Saffold, 536 U.S. 214, 223 (2002).

7   Relying upon Rule 13 of the Rules of the Supreme Court of the United States and
8   the holding in Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999), respondents concede that
9   petitioner's judgment of conviction became final on October 16, 2001, ninety days after the
10  expiration of the time to file a petition for writ of certiorari with the United States Supreme
11  Court. The one-year statute of limitations began to run on October 17, 2001 and because
12  petitioner's federal habeas petition was not signed until February 26, 2006, the federal petition is
13  clearly untimely unless petitioner is entitled to tolling.[3]

14  It is undisputed by the parties, and the court agrees, that petitioner's filing of his
15  first state habeas petition tolled the statute of limitations during its pendency. That petition was
16  filed on October 2, 2001 and was denied by the Sacramento County Superior Court on November
17  29, 2001. Thus, there were 58 days of statutory tolling.[4]

18  Next, the court considers whether petitioner is entitled to statutory tolling during
19  the three-year interval between the denial of the first state habeas petition and the filing of the
20  second state habeas petition. Both petitions were filed with the Sacramento County Superior
21  Court. The court finds respondents' analysis persuasive. Statutory tolling is not appropriate

---

[3] This is the earliest possible filing date for the federal petition under the mailbox rule announced in Houston v. Lack, 487 U.S. 266, 276 (1988).

[4] Under the recent decision in Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007), the time during which a petition for certiorari to the United States Supreme Court challenging the denial of state habeas relief is pending is not tolled. Lawrence is not applicable here because the issue in this case is whether there is interval tolling for the period between the disposition of petitioner's first state habeas petition and the filing of his second state habeas petition.

where petitioner did not proceed from a lower court to a higher court with his state habeas petition. See Carey v. Saffold, 536 U.S. at 223 ("We find that California's system functions in ways sufficiently like other state systems of collateral review to bring intervals between a lower court decision and a filing of a new petition in a higher court within the scope of the statutory word "pending."); see also Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (petitioner filing a second habeas petition in superior court, kicked off a new round of collateral review and "was no longer pursuing his application for habeas relief up the ladder of the state court system").

In addition, petitioner has offered no explanation for his three-year delay in filing his second petition after his first petition was denied. The court finds that lengthy, essentially unexplained delay to be unreasonable.[5] See Evans, 126 S. Ct. at 853-83 (concluding that an unexplained and unjustified filing delay of six-months is unreasonable); Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (concluding that unexplained delays of 18, 15, and 10 months between habeas filings are unreasonable and could not be subject to interval tolling). Under

---

[5] In his objections to the June 7, 2007 findings and recommendations petitioner contends that he has shown a justification for his delay. However, in the memorandum referred to by petitioner he argues only that his delay was attributable to his limited law library access while in prison and his misapprehension of the law regarding the effect of his § 1983 action on the statute of limitations with respect to a federal habeas corpus petition. These are not "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998). Petitioner also contends in his objections that he is entitled to equitable tolling because he is presenting a claim of actual innocence. The contention is without merit. A habeas petitioner's "otherwise-barred claims [may be] considered on the merits . . . if his claim of actual innocence is sufficient to bring him within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (quoting Schlup v. Delo, 513 U.S. 298, 315 (1995)). The petitioner's claim of actual innocence must be supported "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327). See also Griffin v. Johnson, 350 F.3d 956, 962-63 (9th Cir. 2003); Sistrunk v. Armenakis, 292 F.3d 669, 672-73 (9th Cir. 2002) (en banc); Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002). Petitioner has not made the required showing in support of such a claim.

these circumstances, petitioner's second habeas petition filed in the superior court cannot serve as the basis for statutory tolling under § 2244(d)(2).

Petitioner is entitled to only 58 days of statutory tolling while his first habeas petition was pending before the Sacramento County Superior Court.  Petitioner has made no attempt to demonstrate circumstances that would entitle him to equitable tolling of the statute of limitations. When the one-year statute of limitation is extended by 58 days, petitioner had until December 13, 2002 to file his federal habeas petition.  Petitioner's pending petition was not filed until 2006 and is therefore time-barred.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations, filed on June 7, 2007, are withdrawn.[6]

Also, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 8, 2006 motion to dismiss the petition as barred by the statute of limitations be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, petitioner may file new objections to the findings and recommendations.  If new objections are not filed, the court will deem petitioner's objections, filed on June 26, 2007, as his objections to these findings and recommendations, and the objections shall be considered by the District Judge.  Should petitioner

/////

/////

/////

---

[6] The withdrawn findings and recommendations appear online as Anderson v. Evans, No. CIV S-06-0429 LKK DAD P, 2007 WL 1655661 (E.D. Cal. June 7, 2007).

file new objections, respondents may file their reply within five days after service of the new objections.

DATED: July 31, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ande0429.mtd2